1  Gary L. Eastman, CSB #182518
   401 W. A Street, Suite 1785
2  San Diego, California 92101
   Telephone (619) 230-1144
3  Facsimile (619) 230-1194

4  Attorney for Plaintiff, JAMES SIMPSON

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 James Simpson, an individual;        ) Case No.: '10 CV 1637   JLS RBB
                                        )
12        Plaintiff,                    )
                                        )
13    vs.                               ) **COMPLAINT FOR DECLARATORY**
                                        ) **JUDGMENT OF NON-INFRINGEMENT**
14 Coalition to Advance the Protection of Sports ) **OF TRADEMARK (15 U.S.C. §1051) and**
                                        ) **TEMPORARY AND PERMANENT**
15 Logos dba CAPS; Trademark Management; ) **INJUNCTION**
                                        )
16 and DOES 1 – 10, inclusive;          )
                                        )
17        Defendants                    )

18 ─────────────────────────────────────

19     Plaintiff James Simpson ("Simpson" or "Plaintiff") hereby complains as follows:

20 ///

21 ///

22 ///

23

24

25

26

27

28
                          1    COMPLAINT FOR DECLARATORY JUDGMENT OF
                               NON-INFRINGEMENT OF TRADEMARK and
                               TEMPORARY AND PERMANENT INJUNCTION

THE PARTIES

1. Plaintiff Simpson is an individual residing in the city of Spring Valley, County of San Diego, State of California.

2. Plaintiff is informed and believe, and based thereon alleges, that Defendant Coalition to Advance the Protection of Sports Logos dba CAPS (hereinafter "CAPS" or "Defendant") is a business located in Coeur d'Alene, County of Kootenai, State of Idaho.

3. Plaintiff is informed and believe, and based thereon alleges, that Defendant Trademark Management (hereinafter "Trademark Management" or "Defendant") is a business in Coeur d'Alene, County of Kootenai, State of Idaho.

4. Plaintiff is not aware of the true names and capacities of Defendants DOES 1 through 10, inclusive, are therefore sue these defendants by such fictitious names. When the true names and capacities of Defendants DOES have been ascertained, Plaintiff will amend the Complaint to set forth such specific facts.

5. Defendants CAPS, Trademark Management and DOES 1 – 10 are collectively referred to as "Defendants."

JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as this Complaint concerns matters having exclusive federal jurisdiction, including the Trademark Act of 1946, as amended, 15 U.S.C. §1051 et seq.

7. This Court has personal jurisdiction over Defendants as they conduct business via the Internet and have consistent contacts with this judicial district.

8. Venue is proper in this matter as Plaintiffs reside and are engaged in business, and Defendants have been engaging, and will continue to engage, in business within this judicial district.

## BACKGROUND FACTS

9. On July 21, 2010, Defendant Trademark Management transmitted a letter on behalf of CAPS to Plaintiff alleging Trademark Infringement violations. A copy of the letter is attached as Exhibit 1.

10. Defendant specifically alleges that Defendant represents owners of names and logos owned and/or licensed by various sports enterprises ("CAPS Members"), and that these names and logos are protected under various United States Federal Trademark Registrations (hereinafter the "CAPS Member Marks").

11. Defendant specifically alleges that Plaintiff has been using one or more CAPS Member Marks in violation of CAPS Member rights.

12. Plaintiff alleges that he has not been utilizing the CAPS Member Marks.

13. On information and belief, and based thereon, Plaintiff alleges that Defendant does not own, or is not the exclusive licensee of, any CAPS Members' exclusive rights.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADEMARK

14. Plaintiff realleges and incorporates by this reference all prior allegations as though fully stated herein.

15. Plaintiff disputes the allegation that Plaintiff's actions constitute infringement of any trademark rights allegedly owned by Defendants.

16. Plaintiff alleges that any products sold or distributed by Plaintiff do not violate any trademark rights owned by Defendant.

## SECOND CLAIM FOR RELIEF

## PRELIMINARY AND PERMANENT INJUNCTION

17	Plaintiff realleges and incorporates by this reference all prior allegations as though fully stated herein.

18.	Defendant has threatened specific actions intended to interfere with Plaintiff business.

19.	Any such specific actions by Defendant are in violation of Plaintiff's rights.

20.	Plaintiff alleges he is entitled to an immediate and permanent injunction precluding Defendant from interfering with his business.

WHEREFORE, Plaintiffs pray for judgment as follows:

1.	Plaintiff be granted a Declaratory Judgment of Trademark Non-Infringement with regard to Defendant's allegations of trademark infringement;

2.	Plaintiff be granted an immediate and permanent injunction preventing Defendant from interfering with Plaintiff's business; and

3.	Any other remedy the Court determines is just.

Dated this August 4, 2010

Gary L. Eastman, APLC

Gary L. Eastman, Esq.
Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated this August 4, 2010

Gary L. Eastman, APLC

*[signature]*

Gary L. Eastman, Esq.
Attorney for Plaintiff

# EXHIBIT 1

Letter from Defendant alleging Trademark Infringement



122 E. Poplar Avenue, Coeur d'Alene, ID 83814 Tel: 208.292.1010 Fax: 208.292.1015

July 21, 2010

**VIA ELECTRONIC MAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Jim Simpson
www.jamminjerseys.com
1640 Coronado Ave.
Spring Valley, CA 91927
jamminjerseys@cox.net

Re:   Unauthorized Use of the CAPS Members' Trademarks

Dear Mr. Simpson:

This letter is sent on behalf of the members of the Coalition to Advance the Protection of Sports logos ("CAPS"), in connection with the protection and enforcement of the names and logos owned and/or licensed by The Collegiate Licensing Company; Major League Baseball Properties, Inc.; NBA Properties, Inc.; NFL Properties LLC and NHL Enterprises, L.P. ("CAPS Members"). The CAPS Members maintain the exclusive right, title and interest in the names, trademarks, copyrights, symbols, emblems, designs, logos, photographs, uniforms, team colors and identification of their corresponding organizations and collegiate institutions (hereinafter "Marks"). Because of the foregoing rights, only authentic merchandise bearing the CAPS Members' Marks may be manufactured, distributed and/or sold. In addition, no other commercial use can be made of any CAPS Members' Marks without the express written consent of the relevant organization.

It has come to our attention that you are manufacturing, advertising, distributing, selling and/or offering for sale unauthorized jerseys bearing the Marks of one or more of the CAPS Members, in violation of state and federal laws.

Your unauthorized use of the CAPS Members' Marks constitutes trademark infringement and unfair competition in that purchasers of the products in question will erroneously believe that such

    

Jammin Jerseys
July 21, 2010
Page 2

jerseys are licensed, sponsored or authorized by the CAPS Members. In addition, your use of the Marks dilutes the distinctiveness of the CAPS Members' Marks by trading upon the goodwill and reputation that the public associates with their Marks. It also interferes with the merchandising and licensing of their Marks.

The CAPS Members demand that you and each and every person and/or company affiliated with you:

1. Immediately and permanently discontinue the manufacturing, advertising, distributing, selling, and/or offering for sale of any such unauthorized jerseys bearing the Marks of the CAPS Members.

2. Advise us, <u>in writing</u>, of your compliance with the foregoing and furnish us with the following information within ten (10) days:

    a. A list describing each unauthorized jersey that utilizes any of the CAPS Members' Marks manufactured, distributed and/or sold by you, including sales price;

    b. The date you began to manufacture, distribute, offer for sale and/or sell the unauthorized jerseys;

    c. Confirm that you are the manufacturer of the unauthorized jerseys described in (a) above. If you are not the manufacturer, please provide the name, address and telephone number of the manufacturer and/or supplier of the jerseys; and,

    d. The names and addresses of the owners and/or officers of your business and/or any affiliated company or business.

3. Forward your remaining inventory of all unauthorized jerseys bearing the CAPS Members' Marks described in (a) above to our office.

You <u>must</u> provide us with complete and accurate information as outlined above so we can determine, among other things, how many consumers purchased the unauthorized jerseys, the number of unauthorized jerseys that you sold and/or distributed, and how much revenue you received as a result of the sales. Only upon receiving this information can we consider the possibility of an amicable resolution, which may include a monetary settlement.

The statement of facts set forth in this letter is not intended to be, nor shall it be deemed to be, a full and complete statement of the facts in this matter. Nor is this letter intended to be a complete statement of the CAPS Members' rights, and shall not be construed as a waiver of any legal or equitable rights or remedies, all of which are expressly reserved.

Very truly yours,

*[signature]*

Lisa Uriguen Armstrong
Administrator

LUA/kg

cc:   CAPS Members

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
James Simpson, an individual

## DEFENDANTS
Coalition to Advance the Protection of Sports Logos dba CAPS; Trademark Management; and DOES 1-10, inclusive

(b) County of Residence of First Listed Plaintiff: **San Diego, California**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Kootenai, Idaho**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary L. Eastman, Esq.  401 W A Street, Suite 1785
San Diego, CA 92101    (619) 230-1144

Attorneys (If Known)

FILED
2010 AUG -5 PM 2:11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

'10 CV 1637   JLS RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1051 et seq.
Brief description of cause:
Declaratory Judgment of Trademark Non-Intringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: August 4, 2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # 16649  AMOUNT $350  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

TB 08-05-10

CR

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016649
Cashier ID: mbain
Transaction Date: 08/05/2010
Payer Name: GARY EASTMAN
--------------------------------
CIVIL FILING FEE
 For: SIMPSON V COALITION TO ADVANCE
 Case/Party: D-CAS-3-10-CV-001637-001
 Amount:         $350.00
--------------------------------
CHECK
 Check/Money Order Num: 1313
 Amt Tendered: $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```